STATEWIDE GRIEVANCE COMMITTEE *v.* DANIEL V.
PRESNICK
(6714)

SPALLONE, DALY and JACOBSON, Js.

Argued April 5—decision released May 30, 1989

*Daniel V. Presnick,* pro se, the appellant (defendant).

*Seymour N. Weinstein,* for the appellee (plaintiff).

SPALLONE, J. Upon presentment by the Statewide Grievance Committee, the trial court found the defendant, an attorney admitted to practice in the state of Connecticut, to be in violation of disciplinary rules 1-102 (A) (1) (4) (engaging in conduct involving dishonesty, fraud or deceit), 9-102 (A) and (B) (preserving identity of funds and property of a client) and 2-101 (A) through (D) (misleading and deceptive advertising) of the code of professional responsibility. From the judgment rendered thereon the defendant appeals.

The defendant has stated eighteen claims of error, including an assertion that the trial court erroneously applied the "fair preponderance of the evidence" standard of proof rather than the "clear and convincing" standard. We agree that the standard of proof that should apply is the "clear and convincing evidence" standard.

In response to the defendant's motion for articulation, the trial court expressly stated: "The standard of proof used by the court in the above captioned matter was that of a fair preponderance of the evidence."

This court in *Statewide Grievance Committee* v. *Presnick,* 18 Conn. App. 316, 323, 559 A.2d 220 (1989), held that the standard of proof applicable in determining whether an attorney has violated the code of professional responsibility is clear and convincing evidence. For an analysis of the various standards of proof, see *Cookson* v. *Cookson,* 201 Conn. 229, 233–35, 514 A.2d 323 (1986), and *Schaffer* v. *Lindy,* 8 Conn. App. 96, 104–105, 511 A.2d 1022 (1986). Because the clear and convincing evidence standard of proof was not applied in this case, a new trial is required.

Because we find error and remand for a new trial, we do not reach the other claims of error advanced by the defendant.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.