[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Leo J. Barrett appeals a decision of the defendant Statewide Grievance Committee (Committee) reprimanding the plaintiff, based on a complaint filed by Kathleen Prudden. The Committee acted pursuant to Practice Book 27J and 27M and General Statutes 51-90g and 51-90h. The appeal is brought CT Page 3889 pursuant to Practice Book 27N. See also, Pinsky v. Statewide Grievance Committee, 216 Conn. 228 (1990). The court finds the issues in favor of the defendant Committee.
Certain essential facts are not in dispute. Mrs. Prudden retained the plaintiff on June 3, 1991, to represent her in an effort to regain custody of her minor children from her former husband, and in other related matters. She discharged the plaintiff on September 4, 1991. On December 20, 1991, Mrs. Prudden filed a complaint with the Statewide Bar Counsel concerning his representation of her. On March 25, 1992, after a hearing, a panel of the defendant Committee found probable cause that the plaintiff had violated Rules of Professional Conduct 1.3, 1.4, and 1.15 and referred the case to the Committee for further action. On October 16, 1992, the reviewing committee, following a hearing, issued its proposed decision to reprimand the plaintiff for violations of Rules 1.3 and 1.4. The plaintiff duly filed a statement in opposition. On November, 19, 1992, the defendant Committee issued its final decision, which adopted the proposed decision, and formally reprimanded the plaintiff for violating Rules 1.3 and 1.4. It is this decision which the plaintiff appeals to the court.
Rules 1.3 and 1.4 provide as follows:
Rule 1.3 Diligence
 A lawyer shall act with reasonable diligence and promptness in representing a client.
Rule 1.4 Communication
 (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
The issues in contention in this case are entirely factual and have been the subject of two adversarial hearings at which the plaintiff and Mrs. Prudden appeared, testified, and introduced evidence. There was ample, substantial evidence CT Page 3890 which enabled the panel and the reviewing committee to find that Mrs. Prudden paid the plaintiff $1,200 as a retainer and provided him background materials to assist in his representation of her in the custody motion. The panel and reviewing committee likewise had evidence that subsequent communications between Mrs. Prudden and the plaintiff were very poor. According to her testimony, the plaintiff either failed to return her phone calls or was curt and uninformative when they did converse. It is undisputed that the plaintiff did not file any motion in court regarding custody of Mrs. Prudden's children or any other motion concerning the other matters she had retained him to pursue. She testified that she had wanted such action to be commenced prior to September; he testified that he had told her, and she had agreed, that he would not do so until after September. The plaintiff returned $178 to Mrs. Prudden after she discharged him; she claims that the refund should have been at least $600, based on the lack of concrete results in her case.
An appeal from a decision of the Committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 274N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, rescind the action of the statewide grievance committee or take such other actions as may be necessary. For purposes of further appeal, the action taken by the superior court hereunder is a final judgment. CT Page 3891
Although an appeal of a decision of the Committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq.; Sobocinsky v. Statewide Grievance Committee, 215 Conn. 517,525-26 (1990); the above practice book provisions are so similar to the provisions of General Statutes 4-183 of the UAPA that many of the same principles of law apply to appeals of the Committee's decisions.
The standard of proof applicable to the Committee in determining whether an attorney has violated the Rules is clear and convincing evidence. Statewide Grievance Committee v. Presnick, 18 Conn. App. 475, 477 (1989). This standard applies to disciplining lawyers, regardless of the ultimate sanction imposed. Statewide Grievance Committee v. Presnick, 18 Conn. App. 316,323 (1989). Thus, there must be clear and convincing evidence in the record to support the Committee's finding of an ethical violation by an attorney.
Another basic principle of the law in this area is that the scope of the court's review of the Committee's decision is very limited. Practice Book 27N(f) provides that "[t]he court shall not substitute its judgment for that of the . . . committee as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP v. DPUC,219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580,601 (1991). In particular, "a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness. . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC,219 Conn. 51, 57-58 (1991).
The court has carefully reviewed the entire record in this case, including transcripts of both hearings and the documentary evidence submitted by the complainant and the plaintiff. At oral argument on this appeal, furthermore, the court accepted further evidence, as an addition to the record, from the CT Page 3892 plaintiff. The court has also, of course, studied the briefs submitted by counsel.
On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the Committee's findings and conclusions, based on the required standard of clear and convincing evidence. The court may not disturb those findings, therefore, in accordance with the general principles of administrative law referred to above. This is true notwithstanding the contrary evidence offered by the plaintiff.
The appeal is dismissed.
Maloney, J.