[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Paul M. Smith, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff, based on a complaint filed by Frank and Patricia Malone. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and 51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v. StatewideGrievance Committee, 216 Conn. 228 (1990). The court finds the issues favor of the defendant committee.
Certain essential facts are not in dispute. On or about March 1, 1993, while the complainants were living in Georgia, they retained the plaintiff to represent them in their purchase of real property in the town of Sterling. Their negotiations with the plaintiff were by telephone; there was never any written agreement between the complainants and the plaintiff regarding the scope of his representation or his fee for such service.
At the time the complainants first contacted the plaintiff, they had already signed a purchase agreement CT Page 3699 for the property with the owner, G. A. P. Partners, Inc. The plaintiff never saw this agreement, and it was never introduced in evidence in this case. However, it appears that the purchase price was $87,000, to be paid by $9,000 in cash and assumption of an outstanding first mortgage in the amount of $78,000. It also appears that the complainants had already paid $1,000 as down payment.
The plaintiff completed a title search of the property on March 19, 1993, and prepared a certificate of title. His search revealed that there was an outstanding first mortgage on the property in favor of Countrywide Funding Corp. and that the mortgage was not assumable without the prior consent of the mortgagee. The mortgagee held this mortgage under deed from the predecessor in title to G.A.P. Partners, Inc., and it had never consented to its assumption by anyone. The plaintiff's certificate reflected these fact.
The plaintiff advised the complainants by telephone of the outstanding mortgage and the fact that it was callable if the property was transferred without the mortgagee's consent. The plaintiff did not send the certificate of title to the complainants at that time, nor did he furnish it to them before the closing. It was agreed, however, that the complainants would discuss the matter of the outstanding mortgage directly with G.A.P. Partners, Inc.
On March 29, 1993, the plaintiff talked with one of the complainants by telephone and advised him that they must send him two checks if they wanted the sale to go forward; one for $8,000 payable to G.A.P. Partners, Inc., being the balance of the cash portion of the purchase price, and a separate check for $322 for the plaintiff's legal fee and filing costs.
The complainants sent the checks, which arrived at the plaintiff's office on March 31, 1993. The closing on the property took place that afternoon. The plaintiff represented the complainants, signing the necessary documents in their behalf. He accepted a warranty deed from G.A.P. Partners, Inc. that did not reference the outstanding mortgage. The plaintiff had not prepared an assumption letter or otherwise arranged for the CT Page 3700 mortgagee's consent to the sale. Of course, the mortgage remained in effect against the property.
Subsequent to the events summarized above, the complainants arrived in Connecticut, inspected the property for the first time, disliked it intensely, and stated that they had not understood that the purchase was to be consummated on March 31. They claimed that they had instructed the plaintiff to defer the closing until they arrived in Connecticut and inspected the property. Things went downhill from there. The complainants wanted their money back, the mortgagee threatened foreclosure proceedings. The complainants filed the grievance complaint.
The Windham Judicial District Grievance Panel found probable cause, and a reviewing committee of the defendant statewide grievance committee conducted an evidentiary hearing. The complainants and the plaintiff appeared and testified, as well as the principal of G.A.P. Partners, Inc.
The critical issues of fact that were in dispute at the hearing concerned the advice and information that the plaintiff provided the complainants in their telephone conversations before the closing. The complainants testified that they believed that the plaintiff would secure whatever consent from the mortgagee was needed and that, in any event, the closing would not take place before they came to Connecticut and inspected the property. The plaintiff testified that his representation was limited to performing a title search and handling the closing. In particular, he stated that he had no role in obtaining the mortgagee's consent to the mortgage assumption or any other aspect of the financing of the purchase. He further testified that the complainants clearly indicated to him that they wanted him to proceed with the closing in their absence, before they arrived in Connecticut. The president of G.A.P. Properties, Inc. also testified that the complainants wanted the plaintiff to proceed with the closing in their absence.
Following the grievance hearing, the reviewing committee rendered a proposed decision, which was CT Page 3701 subsequently adopted unchanged by the defendant committee as its final decision. In its decision, the committee found that the plaintiff's representation of the complainants was not limited. It further found that the complainants were not aware that the closing would take place before their arrival in Connecticut and they were not aware that the mortgagee had not approved their assumption of the outstanding first mortgage. Based on these findings, the committee found that the plaintiff violated Rules of Professional Conduct 1.2(a), 1.3 and 1.4(b).
In his appeal to this court, the plaintiff attacks the factual findings of the committee as summarized above. In essence, he argues that the reviewing panel should not have credited the testimony of the complainants over his testimony and that of the representative of G.A.P. Properties, Inc., concerning the scope of his representation and his authority to proceed with the closing before the complainants arrived in Connecticut.
An appeal from a decision of the Committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 27N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion. CT Page 3702
As indicated by the above provision of the Practice Book, the scope of the court's review is very limited. Although an appeal of a decision of the Committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq., the practice book provisions are so similar to the provisions of General Statutes 4-183 of the UAPA that many of the same principles of law apply to appeals of the Committee's decisions. "With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. Connecticut Light PowerCompany v. DPUC, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn.Building Wrecking Co. v. Carothers, 218 Conn. 580, 601
(1991). In particular, "a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness. . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, supra 57-58.
The standard of proof applicable to the committee in determining whether an attorney has violated the Rules is clear and convincing evidence. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 475, 477 (1989). This standard applies to disciplining lawyers, regardless of the ultimate sanction imposed. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 316, 323 (1989). Thus, there must be clear and convincing evidence in the record to support the committee's finding of a rules violation by an attorney.
In the present case, the committee found that the plaintiff's conduct in representing the complainants violated three sections of the Rules of Professional Conduct. Rules 1.2, 1.3 and 1.4 provide, in relevant part, as follows:
Rule 1.2 Scope of Representation
CT Page 3703
 (a) A lawyer shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued . . . .
 (c) A lawyer may limit the objectives of the representation if the client consents after consultation.
 Rule 1.3 Diligence
 A lawyer shall act with reasonable diligence and promptness in representing a client.
 Rule 1.4 Communication
 (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
The court has carefully reviewed the entire record in this case, including the transcript of the hearing and the documentary evidence submitted by the complainants and the plaintiff. The court has also, of course, studied the briefs submitted by counsel.
On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the committee's findings and conclusions, based on the required standard of clear and convincing proof. This evidence consisted of testimony by the complainants and, in some measure, the plaintiff's own testimony concerning the limited nature of his work and the tenuousness of his communications with the complainants.
As the designated factfinders, the reviewing committee was entitled to believe the complainants that they had never consented to limited representation by the plaintiff and that they had not authorized the plaintiff CT Page 3704 to proceed with the closing in their absence. This is so notwithstanding contrary evidence submitted by the plaintiff. Having found in favor of the complainants on these core factual issues, the committee was led ineluctably to the further findings that the plaintiff had breached the Rules as cited. In particular, the committee could find, as it did, that the plaintiff lacked diligence in not securing the mortgagee's consent to the assumption of the mortgage by the complainants. The committee could also find, as it did, that the plaintiff's failure to inform the complainants that the mortgagee had not consented to the assumption constituted a breach of his duty to keep his clients reasonably informed about the status of the transaction. And, in accordance with the general principles of administrative law referred to above, the court may not disturb the committee's factual findings, based as they were on substantial evidence. For all of the foregoing reasons, the court concludes that the decision of the committee must be affirmed. The appeal is dismissed.
MALONEY, J.