[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Brian W. Prucker, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff. The decision was based on a complaint filed by Nancy A. Brouillet, a commissioner of the Workers' Compensation Commission. The committee acted CT Page 7301 pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and 51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v.Statewide Grievance Committee, 216 Conn. 228 (1990). The court finds the issues in favor of the defendant committee.
Some of the essential facts are not in dispute. The plaintiff represented a claimant at an informal workers' compensation commission hearing conducted by Commissioner Brouillet on July 2, 1993. The commissioner indicated that another informal hearing on the claim would be necessary. The plaintiff was frustrated at what he considered to be a lack of progress on the claim. As the hearing drew to a close, the plaintiff walked out of the room, saying "Bullshit" or "This is bullshit." The commissioner admonished the plaintiff to refrain from using profanity. The plaintiff did not reply. The commissioner said, "Attorney Prucker?" The plaintiff did not reply.
Some of the details of the incident are in dispute. The commissioner stated in her written complaint that the hearing had not been concluded when the plaintiff walked out. She further stated that the plaintiff shouted the expletive and that he ignored her repeated requests to return. In his written response, the plaintiff admitted uttering the expletive but denied that he shouted it. He stated that the hearing had been concluded and that the commissioner did not request that he return to the room.
At the hearing before the reviewing committee of the defendant committee, the plaintiff and the complainant commissioner appeared and simply stated that they stood by their respective written statements, which were in evidence. Another witness testified that he was present and heard the expletive, but was otherwise uninformative.
Based on the evidence summarized above, the reviewing committee essentially accepted as fact the complainant commissioner's version of the incident. That is, the reviewing committee found that the plaintiff shouted the expletive, walked out of the hearing before it was concluded and ignored the commissioner's request that he return. CT Page 7302
The reviewing committee concluded that the plaintiff's conduct constituted a violation of Rule 3.5(c) of the Rules of Professional Conduct and recommended that the defendant committee reprimand him. Subsequently, the committee adopted the findings and recommendation of the reviewing committee, with an exception not pertinent here and issued a reprimand to the plaintiff.
The plaintiff advances three arguments in support of his appeal: (1) that the plaintiff's conduct, even as found by the committee, was not intended to disrupt and did not disrupt the hearing; (2) that there was insufficient evidence to support the committee's factual findings; and (3) that the decision to reprimand the plaintiff was arbitrary because the committee based the decision solely on the finding of misconduct without considering extenuating factors.
An appeal from a decision of the committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 27N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion.
As indicated by the above provision of the Practice Book, the scope of the court's review is very limited. CT Page 7303 Although an appeal of a decision of the committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq., the practice book provisions are so similar to the provisions of General Statutes 4-183 of the UAPA that many of the same principles of law apply to appeals of the committee's decisions. "With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. Connecticut Light PowerCompany v. DPUC, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn.Building Wrecking Co. v. Carothers, 218 Conn. 580, 601
(1991). In particular, "a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness. . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, supra 57-58.
The standard of proof applicable to the committee in determining whether an attorney has violated the Rules is clear and convincing evidence. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 475, 477 (1989). This standard applies to disciplining lawyers, regardless of the ultimate sanction imposed. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 316, 323 (1989). Thus, there must be clear and convincing evidence in the record to support the committee's finding of a rules violation by an attorney.
In the present case, the committee found that the plaintiff violated Rule 3.5(c) of the Rules of Professional Conduct. That Rule provides that a lawyer shall not "engage in conduct intended to disrupt a tribunal."
In the present case, the court finds that there was sufficient and substantial evidence to support the committee's factual findings, based on the required standard of clear and convincing proof. The reviewing CT Page 7304 committee had the written statements of the complainant and the plaintiff, as well as the testimony of a disinterested witness. The complainant and the plaintiff offered different versions of the incident. As the designated factfinder, the reviewing committee was entitled to weigh their statements and determine which was the more credible. Finding that the plaintiff shouted an expletive, exited the hearing room and refused to return after being requested to do so by the commissioner, the committee reasonably found, further, that the plaintiff's behavior was intended to disrupt the hearing.
The court's task is to determine whether the decision to reprimand the plaintiff was "clearly erroneous" in view of the facts found by the committee. The plaintiff argues that the circumstances do not justify the punishment imposed. He cites the Preamble to the Rules of Professional Conduct, which state "whether or not discipline should be imposed for a violation, and the severity of a sanction, depend on all of the circumstances such as the wilfulness and seriousness of the violation, extenuating factors, and whether there have been previous violations." The plaintiff argues that the delay and frustrations he encountered in settling the compensation claim were extenuating factors and that the use of profanity was not such a serious transgression as to warrant formal discipline. He argues further that the hearing was concluded or, at least, so nearly concluded that what he did was minimally disruptive. The plaintiff advanced his arguments to the reviewing committee in his written statements and presented copious records of the compensation claim as evidence of the problems he encountered. The committee had ample opportunity, therefore, to consider the circumstances that he argues are extenuating.
The court concludes that the committee's decision to reprimand the plaintiff was not clearly erroneous under the circumstances of this case. After reciting its factual findings, the committee concluded that the plaintiff's "use of profanity was unprofessional and disruptive to the legal process." In its brief to the court, the committee cites the Preamble to the Rules of Professional Conduct to the effect, "A lawyer should CT Page 7305 demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process." This theme is reiterated in the comment to Rule 3.5: "Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants." Unquestionably, the plaintiff's conduct, as found by the committee, fell short of these standards.
Considering all the facts of this case, including the circumstances of the underlying workers' compensation claim in which the plaintiff and the commissioner were involved, and in view of the provisions of the Rules of Professional Conduct cited above, the court cannot find that the committee's decision to reprimand the plaintiff for his behavior at the hearing was clearly erroneous.
The appeal is dismissed.
MALONEY, J.