[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Jeffrey D. Ginzberg, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g
and 51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v. Statewide Grievance Committee, 216 Conn. 228
(1990). The court finds the issues in favor of the plaintiff.
The essential facts in this case are adequately set out in the decision of the defendant committee. During the course of a court proceeding, the plaintiff called his opposing counsel "a lying lawyer." When that counsel objected, the plaintiff immediately apologized and repeated the apology four times. A few minutes later, after a chambers conference with opposing counsel and the judge, the plaintiff again apologized, this time at considerable length. In addition, he stated that "I don't believe in my heart of hearts that Mr. Savitt is lying."
Approximately one year later, the judge rendered a decision in the dissolution matter. At that time, the judge wrote to the defendant committee enclosing a transcript and stating that "Attorney Herbert S. Savitt . . . seeks disciplinary action against (the plaintiff and) . . . I am referring the matter to you."
Following a hearing before a reviewing committee, at which Savitt but not the judge appeared, the defendant committee found that the plaintiff had violated Rule 8.4(a) by failing to act with proper respect toward Savitt. It further found that the plaintiff s actions "resulted in a disruption of the proceedings." Finally, the committee noted that the plaintiff admitted at the administrative hearing that, at the time of his apologies in court, he had not really believed that Savitt was not lying. This, said the committee, also amounted to misconduct because it was a "misrepresentation of fact to the court." On the basis of these findings and conclusions, the committee issued a reprimand of the plaintiff. It is that decision which the plaintiff appeals.
The standard of proof applicable to the committee in determining whether an attorney has violated the Rules is clear and convincing evidence. Statewide Grievance Committee v.Presnick, 18 Conn. App. 475, 477 (1989). This standard applies to disciplining lawyers, regardless of the ultimate sanction CT Page 13974 imposed. Statewide Grievance Committee v. Presnick, 18 Conn. App. 316,323 (1989). Thus, there must be clear and convincing evidence in the record to support the committee's finding of a rules violation by an attorney.
The court's essential function in reviewing a decision of the committee is to determine whether, in light of the evidence in the record, the committee's decision was unreasonable, illegal, or an abuse of its discretion.
The court has carefully examined the entire record in this case, including the transcript of the lengthy hearing conducted by the reviewing committee, and the exhibits. On the basis of this review, the court concludes that the committee's decision may not be sustained.
First, although the plaintiff's remark was unquestionably disrespectful, his immediate and repeated abject apologies took the sting out of the insult and should have sufficed to put the matter permanently to rest. Impetuous conduct — sometimes rude, most often regretted — will inevitably occur from time to time in the heat of litigation. But such conduct should not be examined in isolation nor should it always be regarded as irretrievably grievous. A prompt and unconditional apology, such as occurred here, is as much a part of the attorney's conduct to be reviewed as is the offense. And it should be a significant mitigating factor in judging the seriousness of the offense. Otherwise, the offending attorney would have no incentive to regain his civility, and every incident, no matter how minor, would have the potential of becoming a major disruption.
In finding that the plaintiff showed a punishable lack of respect for a fellow lawyer in this case, the committee failed to give adequate consideration to the repeated apologies that the plaintiff made at the time. The court concludes, therefore, that the committee's findings in that regard are not supported by clear and convincing evidence.
The court also concludes that there was no convincing evidence that the plaintiff's ill-advised remark caused any significant disruption of the court proceedings. The committee's finding was apparently based only on Attorney Savitt's protestation that he was too "upset" to go on after the plaintiff insulted him. But Attorney Savitt's statements to the court at the time and later to the reviewing committee do not indicate, CT Page 13975 convincingly, any serious emotional disability on his part. Furthermore, the judge's statements when he adjourned court are at best enigmatic and certainly do not indicate that he is holding the plaintiff culpable of disruption or delay. And, as noted, the judge did not testify or offer other evidence at the committee hearing.
Finally, the committee's theory that the plaintiff should be reprimanded because he made misrepresentations to the judge has no basis in the law or the facts or common sense. As indicated, the asserted false statement of fact was that the plaintiff did not really mean it when he retracted his statement that Attorney Savitt was lying. The flaw in the theory is that the plaintiff's different statements regarding Attorney Savitt's veracity or lack thereof were obviously not intended or expressed as statements of fact, but only opinion. No one, most especially the judge, could have taken the statements as anything more than that. But the worst aspect of the committee's theory is that it would put the plaintiff in the position of being damned if he did, damned if he didn't — branded as a liar himself if he apologized or punished as an unrepentant slanderer if he refused.
By this decision the court does not indicate any approval of the plaintiff's conduct. It was clearly ill considered and disrespectful. It was out of step with the efforts that the bar and the bench are making to raise the level of civility in relations between lawyers and between lawyers and judges. But that cause is not advanced by seeking to impose formal, institutional punishment for every insult, no matter how briefly uttered. This is especially so when the transgressor offers an immediate apology. Indeed, there is a danger, as perhaps demonstrated by this case, in providing a forum in which the antagonists can continue their battle and thus transform what was no more than an unpleasant I minor incident into a major and painful controversy.
The plaintiff's appeal is sustained.
MALONEY, J. CT Page 13976