[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Sheri B. Paige, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff, based on a complaint filed by Marie LaRose. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v. Statewide Grievance Committee,216 Conn. 228 (1990). The court finds the issues in favor of the defendant committee.
The facts essential to the court's decision are not in dispute. In March 1994, the plaintiff agreed to represent the complainant, Marie LaRose, in a dissolution of marriage action against her husband. The plaintiff drafted a retainer agreement, which included the following provision:
 Additionally, you agree to execute the enclosed undated pro-se appearance form regarding this matter and you agree that, in the event you fail to make any required CT Page 703 payments to us, we may file this form with the court. This filing will withdraw us as your attorneys in this matter and you will represent yourself.
As instructed, the complainant signed the undated pro-se appearance form, which the plaintiff retained.
Shortly thereafter, the plaintiff and her client began to dispute the scope of the plaintiff's services and her legal fees, and they ultimately terminated their relationship. The appearance form was filed with the court. Sometime after that, the complainant retained a new attorney. She also filed a grievance against the plaintiff, however, in which she stated some generalized claims of ill treatment and a complaint about the fee she paid.
The local panel determined that there was probable cause to believe that the plaintiff had violated Rule 1.16 of the Rules of Professional Conduct. After a hearing, the reviewing committee designated by the statewide grievance committee recommended that the plaintiff be reprimanded. The basis of the recommendation was the conclusion of the reviewing committee that the plaintiff's retainer agreement and the undated pro se appearance form violated Rule 1.16 and Practice Book § 77. The defendant committee subsequently adopted the findings, conclusions and recommendation of the reviewing committee and reprimanded the plaintiff.
In her brief on appeal to this court, the plaintiff raises a number of issues, but, as clarified during oral argument to the court, they boil down to the basic contention that the pro se appearance form was ultimately filed in court with the knowledge and consent of the complainant and the complainant was not harmed thereby. The plaintiff argues that the committee failed to give sufficient weight to those factors.
An appeal from a decision of the committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 27N(f) provides: CT Page 704
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion.
As indicated by the above provision of the Practice Book, the scope of the court's review is very limited. Although an appeal of a decision of the committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., the practice book provisions are so similar to the provisions of General Statutes § 4-183 of the UAPA that many of the same principles of law apply to appeals of the committee's decisions. Weiss v. Statewide GrievanceCommittee, 227 Conn., 802, 811-12 (1993). One of these basic principles is that the court may not retry the case or substitute its judgment for that of the committee. "The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom ofInformation Commission, 208 Conn. 442, 452 (1988).
The standard of proof applicable to the committee in determining whether an attorney has violated the Rules is clear and convincing evidence. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 475, 477 (1989). This standard applies to disciplining lawyers, regardless of the ultimate sanction imposed. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 316, 323 (1989). Thus, there must be clear and convincing evidence in the CT Page 705 record to support the committee's finding of a rules violation by an attorney.
The court has reviewed the entire record in this case, including the transcript of the hearing and the various documents submitted by the parties. The court has also, of course, studied the briefs of counsel. Based on this review, the court concludes that, in view of the undisputed evidence in the record, the committee did not abuse its discretion in reprimanding the plaintiff.
Practice Book § 77 establishes rules for withdrawal of appearances. These rules serve to protect the interests of the client as well as the attorney. Unless a substitute appearance is filed, the practice book provides that an attorney must obtain permission of the court to withdraw. The procedure requires notice to the client and an opportunity to be heard. When, in this case, the plaintiff required the client to give her the undated substitute appearance form for possible future use, the plaintiff plainly sought to acquire unilateral, irrevocable and permanent control over her own appearance in the court action. The effect would be to deprive the client, at some later time, when circumstances had changed, of the opportunity to request the court's supervision of the plaintiff's withdrawal. The committee reasonably viewed this as an obvious attempt to avoid the court's scrutiny and to circumvent the procedure in the practice book that is designed to protect the client.
Rule 1.16 of the Rules of Professional Conduct provides, in part, "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel . . . ." At the least, this rule requires a lawyer to follow the letter and spirit of applicable rules of practice as set forth in the practice book. As noted above, if a lawyer arms herself in advance with a signed substitute appearance form, she has in effect intentionally placed herself in a position to disregard those rules and cut the client loose without further ado. The committee reasonably concluded that the plaintiff violated Rule 1.16 in this regard. CT Page 706
The fact that the client in this case may not have ultimately suffered harm as a result of the plaintiff's actions is not significant. As the preamble to the Rules of Professional Conduct indicates, a lawyer is not only a representative of clients but is also "an officer of the legal system and a public citizen having special responsibility for the quality of justice." A lawyer's obligation to obey the Rules of Professional Conduct and the rules of practice is unconditional. The obligation is not dependent on a finding that harm has resulted in a particular case. In this case, the committee determined that the plaintiff's actions in violation of the rules were potentially detrimental to the interests of her client. Those actions were undeniably intentional. The court cannot conclude that the committee abused its discretion in reprimanding the plaintiff accordingly.
In summary, the court concludes that the evidence in this case supports the committee's finding that the plaintiff violated Rule 1.16 and that the committee did not abuse its discretion in reprimanding the plaintiff for that violation.
The appeal is dismissed.