[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal the Plaintiff, Attorney Milton L. Cramer, appeals a decision of the statewide grievance committee which reprimanded him for violations of Rules 1.3 and 5.3(b) of the Rules of Professional Conduct. CT Page 375-L
The Appeal is brought pursuant to Practice Book Section 27N. The decision was issued June 21, 1996, and the appeal timely filed on July 22, 1996.
The facts underlying the reprimand are not substantially disputed. Mr. Mark D. Church retained the Plaintiff in February of 1990 for representation related to the collection of a promissory note. Mr. Church paid the Plaintiff a $300 retainer in connection with this representation. Mr. Church was directed by the Plaintiff to follow up with a member of Plaintiff's office staff, Ms. Karen Day, concerning the progress of the collection efforts.
The Plaintiff did initiate a legal action on Mr. Church's behalf, but allowed it to be dismissed by the court.
In his conversations with Ms. Day in January of 1993 Mr. Church was led to believe the matter had been successfully prosecuted to judgment. In May of 1993 Church, suspicious of Day's reports, independently learned his case had been dismissed in June of 1992.
In June 1993 Mr. Church was finally able to meet with CT Page 375-M the Plaintiff to discuss his file. Plaintiff was unaware of the status of the case, and asked Church to produce a copy of the retainer check.
Plaintiff had been misled by his employee as to the status of Mr. Church's case.
Mr. Church retrieved his file and eventually collected a portion of the outstanding note through the services of another attorney.
Mr. Church filed a grievance against the Plaintiff on June 12, 1995. In his July 6, 1995 answer (received July 10, 1995), Plaintiff essentially attributes the problem to his dishonest employee; and discloses his remedial actions in discharging the employee coupled with revising his office procedures. The Plaintiff also returned the $300 retainer to Mr. Church.
The Litchfield Judicial District Grievance Panel on September 27, 1995 found that probable cause existed that the Plaintiff violated Rules 1.3 and 5.3(a) of the Rules of Professional Conduct. The Reviewing Committee of the statewide grievance committee, on November 21, 1995, rendered an additional finding of probable cause that the CT Page 375-N Plaintiff violated Rule 5.3(b) of the Rules of Professional Conduct.
Following notice to the parties, the Reviewing Committee held a hearing on December 7, 1995, pursuant to Practice Book § 27J. Mr. Church appeared and testified in support of his Grievance. The Plaintiff requested a continuance on the day preceding the hearing; which request was denied. Plaintiff did not appear at the hearing.
The Record in this Appeal was filed September 18, 1996, the Plaintiff's brief on October 28, 1996 and the Defendant's Brief on November 27, 1996. The parties were heard at oral argument on January 16, 1997.
In his brief Plaintiff raises one issue; "Was the Plaintiff afforded fair and reasonable proceedings upon which a reprimand could be issued against the Plaintiff?" Plaintiff asserts that the Grievance procedure is criminal or quasi-criminal in nature requiring proof beyond a reasonable doubt, challenges the reviewing committee proceeding with only two of its three members and attacks the denial of his request for a continuance.
Disciplinary matters concerning attorneys are neither CT Page 375-O criminal nor civil proceedings. In re Application ofPagano, 207 Conn. 336, 339 (1988). However, it has been repeatedly held by our Appellate and Supreme Courts that the standard of proof in disciplining lawyers is clear and convincing proof. Statewide Grievance Committee v.Presnick, 18 Conn. App. 316, 323 (1989); 18 Conn. App. 475,476 (1989); Statewide Grievance Committee v. Presnick,215 Conn. 162, 171-72 (1990); Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 810 (1993). In contrast to this controlling authority directly on point, Plaintiff cites no case authority and cites not one case in his brief.
Similarly, the Plaintiff's challenge to the Reviewing Committee's proceeding is specifically rebutted by a Supreme Court decision directly addressing the precise issue. Lewisv. Statewide Grievance Committee, 235 Conn. 693, 706-08
(1996).
The issue of the denial of the continuance is first raised in this appeal. Pursuant to Practice Book § 27J(e) the Reviewing Committee issued a proposed decision which the parties may respond to 27J(g). In his response, Plaintiff fails to request a new or additional hearing or indicate what if any evidence he was prevented from presenting. Section 27N authorizes the statewide grievance committee CT Page 375-P after receipt of § 27J(g) statements to refer the complaint to the same or a different reviewing committee. Plaintiff also failed to avail himself of this opportunity to object to the Reviewing committee's composition. "We have held that the failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect." Dragan v. Connecticut Medical ExaminingBoard, 223 Conn. 618, 633 (1992). Also, in order to obtain reversal of an agency's decision, the Plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991).
The Plaintiff also asserts that it is unfair to discipline him because he had no corrupt motive or evil intent. It has been held that even in cases of suspension of an attorney (a far more severe sanction than a reprimand) there is no prerequisite for finding a corrupt motive or evil intent. Statewide Grievance Committee v. Presnick,18 Conn. App. 316, 322 (1989).
Plaintiff was found to have violated Rules 1.3 and 5.3(b) of the Rules of Conduct.
Rule 1.3. A lawyer shall act with reasonable CT Page 375-Q diligence and promptness in representing a client.
 Rule 5.3. Responsibilities Regarding Nonlawyer Assistants.
 With respect to a nonlawyer employed or retained by or associated with a lawyer:
 (b) A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and . . . .
The operative facts are that the Plaintiff was retained in February of 1990 to collect on a note. Plaintiff initiated suit, but allowed the case to be dismissed in June of 1992. Plaintiff took no further action on the file and had no idea of its status in June of 1993.
An employee of the Plaintiff repeatedly lied to and misled Plaintiff's client over a period of over three years
The record contains no evidence as to Plaintiff's office procedures, system of file review, staff training CT Page 375-R practices or Plaintiff's effort to ensure that Ms. Day's conduct was compatible with Plaintiff's professional obligations of the lawyer.
Plaintiff fired Ms. Day after learning of this conduct and revised his office procedures.
The statewide grievance committee has found that such evidence is clear and convincing evidence of violations.
Regarding Rule 1.3 the Plaintiff, having been retained in February of 1990, in June of 1993 was unaware of the status of the file, and was unaware of the dismissal of his legal action in June of 1992.
Regarding Rule 5.3(b) the Plaintiff's non-lawyer assistant deceived a client and Plaintiff for over three years. There is an absence of any evidence of the Plaintiff's having taken any steps to ensure this employee's conduct was compatible with his professional obligations as a lawyer.
 This court established the standard of judicial review of statewide grievance committee decisions in Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 234-35, 578 A.2d 1075
CT Page 375-S (1990). Although the statewide grievance committee is not an administrative agency; Sobocinski v. Statewide Grievance Committee, 215 Conn. 517, 526, 576 A.2d 532 (1990); the court's review of its conclusions is similar to the review afforded to an administrative agency decision. Pinsky v. Statewide Grievance Committee, supra. Practice Book § 27N(f), adopted after Pinsky to govern appeals from decisions of the statewide grievance committee to issue a reprimand, sets forth the applicable standard of review: "Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) [i]n violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole CT Page 375-T record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."
 Thus, in reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing "the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct ." Pinsky v. Statewide Grievance Committee, supra, 234. Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the code of Professional Responsibility is clear and convincing evidence. Statewide Grievance Committee v. Presnick, supra, 171-72. The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof. Id.
Weiss v. Statewide Grievance Committee, 227 Conn. 802, 811-12 (1993).
Applying these principles to the facts before it, this CT Page 375-U court finds that the statewide grievance committee's findings are supported by clear and convincing evidence and that its conclusions are legally and logically correct.
The appeal is dismissed.
Robert F. McWeeny